UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>LAWRENCE ANTHONY DIMATTEO; VADIM KOMISSAROV; LOTTERY.COM, INC.; MATTHEW CLEMENSON; and RYAN DICKINSON,<br><br>  Defendants. | Civil Action No. 1:26-cv-603 |

**NOTICE OF PLAINTIFF SEC'S MOTION FOR ENTRY OF CONSENT JUDGMENTS AS TO DEFENDANTS MATTHEW CLEMENSON AND RYAN DICKINSON**

PLEASE TAKE NOTICE THAT Plaintiff U.S. Securities and Exchange Commission ("SEC") hereby moves that the Court enter the Consent Judgments submitted herewith. As reflected in their Consents, Defendants Matthew Clemenson and Ryan Dickinson (the "Settling Defendants") have waived service of a summons and the complaint, entered a general appearance, and admitted the Court's jurisdiction over them. The Settling Defendants also have consented to the entry of Consent Judgments.

In support, the SEC states:

**Background**

On January 22, 2026, the SEC filed its Complaint against Defendants Lawrence Anthony DiMatteo; Vadim Kimissarov; Lottery.com, Inc. ("Lottery"); Matthew Clemenson; and Ryan Dickinson, alleging violations of the Federal securities laws.

The SEC and the Settling Defendants have now reached settlements in this case. Attached

1

hereto as **Exhibit 1** is the executed Consent of Defendant Clemenson, and attached as **Exhibit 2** is the executed Consent of Defendant Dickinson. The Consents set forth the terms of the Settling Defendants' settlements with the Commission.

Attached hereto as **Exhibit 3** is the proposed Final Judgment to which Defendant Clemenson has agreed, and attached as **Exhibit 4** is the Final Judgment to which Defendant Dickinson has agreed. The Consents include consent to entry of these Judgments.

As further set forth in the proposed judgment with respect to Defendant Clemenson, it includes permanent injunctive relief against violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]; Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; Section 14(a) of the Exchange Act [15 U.S.C. § 78n] and Rule 14a-9 thereunder [17 C.F.R. § 240.14a-9]; Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1]; and Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)]. It also permanently enjoins Defendant Clemenson from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13], Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)], and Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)]. It also prohibits Defendant Clemenson from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

As further set forth in the proposed judgment with respect to Defendant Dickinson, it includes permanent injunctive relief against violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R.

§ 240.10b-5]; Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; Section 14(a) of the Exchange Act [15 U.S.C. § 78n] and Rule 14a-9 thereunder [17 C.F.R. § 240.14a-9]; Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14]; Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1]; Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2]; and Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)]. It also permanently enjoins Defendant Dickinson from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13]; Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; and Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)]. It also prohibits Defendant Dickinson from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]

Finally, both proposed Judgments provide that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty.

## Approval of Settlement Terms

Approval of a settlement in an SEC enforcement case is appropriate where it is "fair and reasonable, with the additional requirement that the public interest would not be disserved, in the event that the consent decree includes injunctive relief." *SEC v. Citigroup Global Markets, Inc.,* 752 F.3d 285, 294 (2d Cir. 2014). Factors to be considered include

(1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind.

*Id.* at 294-95 (internal citations omitted).

Given the allegations in the Complaint, the relief set forth above is a fair and reasonable resolution of this matter and will serve the public interest. The Complaint alleges that the Settling Defendants, as senior executives of Lottery.com, engaged in a complex fraudulent scheme to mislead and defraud investors in that company by falsely inflating revenue. It further alleges that, in the course of the scheme, the Settling Defendants made material misrepresentations concerning Lottery's financial results, assets, and the growth of its business in Commission filings, press releases, and other public statements.

WHEREFORE, the SEC respectfully requests that this Court grant this Motion and enter the proposed Judgments attached hereto as **Exhibit 3 (Clemenson)** and **Exhibit 4 (Dickinson)**.

Dated: January 22, 2026                                Respectfully submitted,

/s/ Damon W. Taaffe
Damon W. Taaffe (*pro hac vice* submitted)
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549
Tel: (202) 551-7420 (Taaffe)
taaffed@sec.gov

## CERTIFICATE OF SERVICE

    I certify that on January 22, 2026, I caused a copy of the foregoing document to be filed through the Court's ECF system, which will serve a copy on all counsel of record.

/s/ Damon W. Taaffe
Damon W. Taaffe
